1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

2  Name: Kester                               Chad
                 (Last)                        (First)                    (Middle Initial)

3  Prisoner Number: BA1121

4  Institutional Address: P.O. Box: 1050

5  Soledad, Ca.

FILED
JUL 22 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

Chad Kester                           )
(Enter your full name.)               )
                                      )   Case No. CV 19-4205 JST
         vs.                          )   (Provided by the clerk upon filing)
                                      )
Ralph Diaz                            )
                                      )   **COMPLAINT UNDER THE**
Kathleen Allison                      )   **CIVIL RIGHTS ACT,**
                                      )   **42 U.S.C. § 1983**
Tammy Foss                            )
                                      )          (PR)
(Enter the full name(s) of the defendant(s) in this action.)
                                      )

**I. Exhaustion of Administrative Remedies.**

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement  SALINAS VAlley State PrisON, Soledad ~~Correctional Training Facility, Soledad~~

B. Is there a grievance procedure in this institution?  YES ☒   NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?  YES ☒   NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: IN OCTOBER 2018 MADE A VERBAL REQUEST TO CCI, ROCHA TO NOT BE PLACED WITH G.P. INMATES. DUE TO LikelyHOOD OF Death

2. First formal level: FILED 602 APPEAL 11/26/18 & WAS DENIED. A 128B CHRONO WAS PLACED IN MY FILE FORMALLY EXPRESSING MY CONCERNS

3. Second formal level: DENIED

4. Third formal level: TLR CASE NO. 1818082 LOG# SVSP-18-06765

E. Is the last level to which you appealed the highest level of appeal available to you?
   YES ☒    NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.
I HAVE ATTACHED APPEAL TO THIS COMPLAINT

II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.
Chad Kester: #BA1121; P.O. Box: 1050; Soledad, Ca. 93960

B. For each defendant, provide full name, official position and place of employment.
Ralph Diaz: CDCR Acting Secretary; CDCR Head-Quarters, Sacramento.
Kathleen Allison: CDCR Acting Under Secretary; CDCR Head-Quarters, Sacramento
Tammy Foss: Acting Warden of Salinas Valley State Prison, Soledad

PRISONER COMPLAINT (rev. 8/2015)
Page 2 of 3

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

On December 12, 2017, Defendant Allison authored a department memorandum which announced the expansion of the merging of the SNY (Sensitive Needs Yard/previously called Protective Custody) prisoners with the General Population (GP) prisoners in all Level 1 and Level 2 yards. On September 10, 2018, Defendant Diaz authored a department memorandum which set forth the schedule for said merging of the yards. Said memo states the neighboring institution where Plaintiff is currently confined, i.e: Correctional Training Facility-South is scheduled to be merged with the SNY population in December 2018. As a result of the said merger, there was a major riot that occurred resulting in multiple injuries. It has been long understood by both the Courts and CDCR officials that SNY prisoners cannot safety merge with General Population prisoners. Each and every time these merges have taken place intentionally or unintentionally, there has been well documented incidents of violence, whether the SNY prisoners attacked and assaulted the GP prisoners out of fear for their lives or were attacked and assaulted themselves by the GP prisoners. The merge with the Security Threat Group (STG) Fresno Bulldogs poses the same risks and violence. This planned merge would place Plaintiff at serious risk of harm or injury and in violation of his right to be protected from violence. These Defendants are well aware of and are completely disregarding such and excessive risk to Plaintiff's health and safety. Each of these defendants are being sued both in their individual and official capacities.

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Issue a Temporary Restraining Order and Preliminary Injunction enjoining the named Defendants, their successors in office and employees and all other persons acting in concert and participation with them, from merging the SNY and GP prisoners together in what they refer to as Non-Designated Programming Facilities (NDPF) as well as Incremental Releases (IR) with the STG Fresno Bulldogs; Issue a declaratory judgement stating that the Defendant's actions herein violate Plaintiff's health and safety; and a Permanent Injunction prohibiting Defendants, their successors in office and employees and all other persons acting in concert and participation with the, from merging SNY and GP prisoners, as well as with STF Fresno Bulldogs together.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 7/16/2019

Date                Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# THIRD LEVEL APPEAL DECISION

Date: FEB 2 8 2019

In re: Chad Kester, BA1121
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

TLR Case No.: 1818082    Local Log No.: SVSP-18-06765

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner H. Liu, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** The appellant claims he has been endorsed for transfer to California Institution for Men (CIM) Level-II Sensitive Needs Yard (SNY); however, CIM Level-II has converted to a Non-Designated Programing Facilities (NDPF). The appellant claims he has a credible threat to his safety and requested SNY placement. The appellant believes general inmate population (GP) inmates are a threat to his life.

The appellant requests to be re-endorsed to an SNY designated facility.

**II   SECOND LEVEL'S DECISION:** At the Second Level of Review (SLR), the appellant was housed on Salinas Valley State Prison (SVSP) Level-III SNY facility with Level-II Placement Score of 34. The appellant had been endorsed to CIM Level-II SNY at his last Annual Review, but had not been transferred and remained housed at SVSP while pending transfer. Since his endorsement, CIM Level-II SNY converted to a NDPF. During the appeal interview conducted with the appellant, he was admonished of the NDPF expectations, which he disagreed with and requested to remain housed at a SNY facility. The CDCR is continuing to expand programming opportunities for inmates. In order to increase flexibility in housing decisions and provide the least restrictive housing environment for inmates, the CDCR is transitioning to NDPF for institutions that house level-I and II inmates. This means within Level-I and II programs, SNY and GP designations will no longer be recognized or utilized for the purposes of housing. In non-designated units, it is expected that all inmates will program together and comply with the integrated housing expectations regardless of prior GP or SNY programming or level designations. Furthermore, inmates non-compliant with the transfer and/or housing placement shall be subject to the Department's disciplinary process. Placement in a NDPF is involuntary and the appellant's consent to the transfer is not required. In keeping with the department's direction, many level-II SNY facilities have been converted to NDPF. It is the expectation that all inmates regardless of prior SNY or GP housing, will program safety together. In accordance with the direction provided by the Division of Adult Institutions CSU, re-endorsement will not be required for inmates with endorsements to institutions which were previously SNY and presently converted to NDPF. The appellant shall receive notification of the expectations of the NDPF, his agreement or disagreement, and his preference, which were documented within CDC Form 128-B, General Chrono dated November 29, 2018. The appellant's endorsement to CIM Level-II NDPF remained valid. The appellant's request to be re-endorsed to an SNY facility was denied at the SLR.

**III   THIRD LEVEL DECISION:** Appeal is denied.

  **A.   FINDINGS:** Upon review of the submitted documentations, the Third Level of Review (TLR) has determined that the appellant's issue has been appropriately reviewed and evaluated by the institution. The TLR notes the California Code of Regulations, Title 15, Section (CCR) 3375 states in part, "(a) The classification process shall be uniformly applied, commencing upon reception of a person committed to the custody of the director and shall continue throughout the time the individual remains under the director's jurisdiction. Each inmate shall be individually classified in accordance with this article. (b) The classification process shall take into consideration the inmate's needs, interests and desires, his/her behavior and placement score in keeping with the department and institution's/facility's program

CHAD KESTER, BA1121  
CASE NO. 1818082  
PAGE 2

and security missions and public safety. (c) Each determination affecting an inmate's placement within an institution/facility, transfer between facilities, program participation, privilege groups, or custody designation shall be made by a classification committee composed of staff knowledgeable in the classification process."

The TLR notes the appellant's contention that placement on an NDPF will endanger his safety; however, the TLR finds the appellant failed to provide any evidence or testimony to support that any greater, or more specific, risk to his safety beyond that inherent to the correctional environment is present on the NDPF. After considering the evidence and arguments herein, it has been determined that staff acted appropriately on the appellant's request. There shall be no relief afforded to the appellant at the TLR.

**B. BASIS FOR THE DECISION:**
CCR: 3001, 3004, 3005, 3084.1, 3270, 3375, 3376, 3379, 3380, 3391

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

H. LIU, Appeals Examiner  
Office of Appeals

M. VOONG, Chief  
Office of Appeals

cc: Warden, SVSP  
     Appeals Coordinator, SVSP

STATE OF CALIFORNIA                                             DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR-0602 (REV. 03/12)                                                                              Side 1



USE ONLY | Institution/Parole Region: | Log #: | Category:
SVSPL 18-60765 | | 9  15 Safety
FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): LESTER, CHAD          CDC Number: BA1121   Unit/Cell Number: A3 121   Assignment:

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
SAFTY CONCERNS

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): I AM PRESENTLY ON A NON DESIGNATED YARD & AM ENDORSED TO CIM LEVEL 2 WHICH HAS RECENTLY BEEN

B. Action requested (If you need more space, use Section B of the CDCR 602-A):
I WISH TO IMMEDIATLY BE RETURNED TO AN SNY DESIGNATED FACILITY

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

**REC BY OOA**
**DEC 12 2018**

☒ No, I have not attached any supporting documents. Reason : _____

Inmate/Parolee Signature: _____  Date Submitted: 11/26/18

**RECEIVED NOV 27 2018**

☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only                    Staff – Check One: Is CDCR 602-A Attached? ☐ Yes  ☐ No
This appeal has been:
☒ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: ___
☐ Accepted at the First Level of Review.
  Assigned to: ___  Title: ___  Date Assigned: ___  Date Due: ___

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: ___  Interview Location: ___
Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: ___ (Print Name)  Title: ___  Signature: ___  Date completed: ___
Reviewer: ___ (Print Name)  Title: ___  Signature: ___
Date received by AC: ___

AC Use Only
Date mailed/delivered to appellant ___/___/___

STATE OF CALIFORNIA  
**INMATE/PAROLEE APPEAL**  
CDCR-0602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____  Date Submitted: _____

**E. Second Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: 11/27  Date Due: 1/4

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 11/29/18   Interview Location: A Facility, CCII office

Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☒ Denied  ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: R. Bur (Print Name)   Title: CCII   Signature: _____   Date completed: 11/29/18

Reviewer: J. STEIN (Print Name)   Title: CDW(A)   Signature: J Stein

Date received by AC: _____

AC Use Only: DELIVERED DEC 0 4 2018
Date mailed/delivered to appellant _____

**F. If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

THERE IS A REAL & CREADABLE THREAT TO MY LIFE AMONG GENERAL POPULATION INMATES. REGARDLESS OF G.P.'s EXPECTED PROGRAMMING MOST INSTANCES OF G.P./SNY MESHING HAVE RESULTED IN VIOLENCE THERE IS A REWARD FOR MY MURDER →

Inmate/Parolee Signature: _____   Date Submitted: 12/7/18

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☒ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☒ Denied  ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant   MAR 0 7 2019

**H. Request to Withdraw Appeal**: I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____ Inmate/Parolee Signature: _____   Date: _____
Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 1818082 | SVSP | 18-6765 | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.
WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| | | | |

A. Continuation of CDCR 602, Section A only (Explain your issue): MADE A NON-DESIGNATED YARD, I HAVE A REAL B CRIP/PALS THREAT TO MY LIFE & PERSONAL SAFETY, WHEN I CAME TO CDCR I REQUESTED PROTECTIVE CUSTODY & WAS TOLD SNY WAS ~~~~ PROTECTIVE CUSTODY PERSUANT TO TITLE 15 3269(b) THERE IS A THREAT TO MY LIFE AMONG GENERAL POPULATION INMATES

Inmate/Parolee Signature: [signature]    Date Submitted: 11/26/18

REC BY OOA
DEC 12 2018

B. Continuation of CDCR 602, Section B only (Action requested): _____

Inmate/Parolee Signature: _____    Date Submitted: _____

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

Inmate/Parolee Signature: _____     Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): I BELIEVE MY DEATH WILL COME AS SOON AS MY IDENTITY IS VERIFIED. I AM REQUESTING TO EITHER BE RETURNED TO SNY OR PLACED IN A PHU FOR MY PROTECTION

Inmate/Parolee Signature: [signature]     Date Submitted: 12/7/18

Kester          CDC #: **BA1121**     HOUSING: **A3-121**     CDC 128-B (Rev. 4/74)

...bject was advised of the Departmental policy regarding all Minimum Support Facilities and Level II SNY facilities transition to Non-Designated Program Facility (PF). Subject was informed that the goal of CDCR is to implement Non-Designated PF that do not identify as Sensitive Needs Yard (SNY) or General Population (GP). Subject was informed that the focus of a PF is to provide an environment for inmates demonstrating positive programming efforts and have a desire to not get involved in the destructive cycle of violence. As a non-designated PF, Subject was informed of the expectations that all inmates will program together and comply with the integrative housing policy regardless of prior GP or SNY programming or level designation placement. "Inmates non-compliant with the transition shall be subject to the Departmental disciplinary process and potential placement into higher level housing." Subject stated his understanding and disagreement. Subject would prefer SNY housing. Effective communication was used simple English. The Subject repeated back in his own words his understanding of the policy showing effective communication was achieved.

R. Burgh
Correctional Counselor II
Salinas Valley State Prison
DATE: **11/29/18**

GENERAL CHRONO