UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD KESTER,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | Case No. 19-cv-04205-JST<br><br>**ORDER DENYING REQUEST FOR PRELIMINARY INJUNCTION**<br><br>ECF No. 2 |

## I.  INTRODUCTION

Plaintiff, an inmate at Correctional Training Facility ("CTF"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Now pending before the Court is plaintiff's request for a preliminary injunction enjoining defendants from housing him on an Non-Designated Programming Facility ("NPDF") and enjoining the merger of the general population ("GP") inmates and inmates housed on special needs yard ("SNY").  For the reasons set forth below, the Court DENIES plaintiff's request for a preliminary injunction.  ECF No. 2.

## II.  BACKGROUND

Plaintiff is a convicted sex offender and a drop-out gang member; he has helped law enforcement obtain convictions for at least two GP inmates; and two separate GP gangs have offered a bounty for his death.  ECF No. 3 at 3.  The complaint alleges that the CDCR's recent policy of combining Level I and Level II SNY inmates[1] and Level I and Level II GP inmates in

---

[1] Upon being received into the custody of the California Department of Corrections and Rehabilitation ("CDCR"), inmates are classified according to numerous factors, including but not limited to age, term status, commitment offense, current security level, eligibility for special programs, enemy of security threat concerns, confidential information, and medical/psychiatric/ disability concerns.  *See* 15 Cal. Code Regs. § 3375 *et. seq.*, ECF No. 15-1 at 2.  The inmate's classification determines his housing placement.  A lower classification score indicates lesser

1  the same facility, referred to as Non-Designated Programming Facilities, constitutes deliberate
2  indifference to his safety, in violation of the Eighth Amendment. ECF No. 1.
3        At the time that plaintiff filed this action, he was housed at Salinas Valley State Prison
4  ("SVSP")'s Level III SNY facility, had a Level II placement score, and had been endorsed for a
5  transfer to California Institute for Men ("CIM")'s SNY or NDPF, with an alternative transfer to
6  Correctional Training Facility ("CTF")'s SNY. ECF No. 1 at 4; ECF No. 15-1 at 3 (Marziello
7  Decl.) at ¶ 6. On August 7, 2019, plaintiff was transferred to CTF's SNY, where he remains
8  housed. ECF No. 15-1 at 3. While CTF has an NDPF, it houses only Level I inmates. Plaintiff is
9  therefore ineligible to be housed on the currently existing CTF NDPF. *Id.* At the preliminary
10 injunction hearing held before the Court on September 18, 2019, plaintiff stated that Correctional
11 Counselor Juan Lomeli and the captain of his yard had informed him that his SNY yard would
12 convert into a NDPF within the next sixty days. At the same hearing, defendants stated that they
13 were unaware of any plans to convert any CTF yard to an NDPF.
14       On August 23, 2019, the Court denied plaintiff's request for a temporary restraining order
15 enjoining the merger of the GP and SNY populations, but granted plaintiff's request for a
16 temporary restraining order that enjoined defendants from placing Plaintiff on an NDPF yard or
17 otherwise requiring him to be housed with general population inmates. ECF No. 7. The Court
18 also ordered defendants to show cause why that relief should not issue in the form of a preliminary
19 injunction. *Id.* Defendants filed a response on September 9, 2019. ECF No. 15. The Court heard
20 argument on the preliminary injunction motion on September 18, 2019. ECF No. 16.

**III. TEMPORARY RESTRAINING ORDER**

Because the standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical," *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F3d 832, 839 n.7 (9th Cir. 2001), the Court reviews the findings made by the Court in its

---

security control needs and a higher classification score indicates greater security control needs. 15 Cal. Code Regs. § 3375(d). CDCR facilities have five levels of security, Level I through Level V, with Level V being the highest level of security. 15 Cal. Code Regs. § 3377. A Level II inmate refers to an inmate with a classification score which allows him to be housed in a Level II facility. 15 Cal. Code Regs. § 3375.1.

August 23, 2019 Order issuing a TRO enjoining defendants from placing plaintiff on an NDPF.

First, the Court found that there was a likelihood of success on the merits, noting that in *Redman v. Cty of San Diego*, 942 F.2d 1435 (9th Cir. 1991), the Ninth Circuit granted judgment in favor of a pretrial detainee on a due process failure-to-protect claim where the plaintiff-detainee was raped after being placed in a housing situation that exposed him to harm, specifically a housing situation where an inmate known to be sexually aggressive was housed with the plaintiff-detainee, an eighteen year old with no prior criminal conviction who stood 5'6" tall and weighed approximately 130 pounds. The Court further noted that the Ninth Circuit has found that being known as an informer can expose inmates to violence from other inmates, citing to *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989), and state regulations recognize that inmates convicted of sex offenses may require separate and secure housing, citing to Cal. Penal Code § 4002(b). ECF No. 7 at 7-8.

Second, the Court found that, because of his status as a sex offender and informant, plaintiff could suffer irreparable harm in the form of a severe assault or death if placed on an NDPF yard. ECF No. 7 at 8.

Third, the Court found that because plaintiff could suffer a severe assault or death, the balance of equities tipped in his favor. The Court noted that the TRO would simply maintain the status quo. ECF No. 7 at 8.

Fourth, the Court found that the TRO would support the public's interest in protecting inmates' Eighth Amendment right to be free from deliberate indifference to their safety. ECF No. 7 at 8.

## IV.  PRELIMINARY INJUNCTION

### A.  Legal Standard

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

3

*Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). "The Ninth Circuit weighs these factors on a sliding scale, such that where there are only 'serious questions going to the merits'—that is, less than a 'likelihood of success on the merits'—a preliminary injunction may still issue so long as 'the balance of hardships tips *sharply* in the plaintiff's favor' and the other two factors are satisfied." *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (emphasis in original)). To grant preliminary injunctive relief, a court must find that "a certain threshold showing [has been] made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Assuming that this threshold has been met, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

The Prisoner Litigation Reform Act of 1995 ("PLRA") restricts the power of a court to grant prospective relief in any action involving prison conditions. *See* 18 U.S.C. § 3626(a). Section 3626(a)(2) permits a court to enter a preliminary injunction "to the extent otherwise authorized by law" but requires that such an order "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." *See* 18 U.S.C. § 3626(a)(2). The court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." *Id.*

**B.     Discussion**

As a preliminary matter, the Court notes that United States Marshal has yet to effect service upon defendants on plaintiff's behalf, even though the Court ordered service on August 23, 2019. ECF No. 7. The Court therefore has no personal jurisdiction over any defendant at this time. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344,

350 (1999). For the reasons set forth below, however, the Court need not await service because no order will issue against defendants.

### 1. Preliminary Injunction Enjoining the Merger of the GP and SNY inmate populations

The Court DENIES plaintiff's request for a preliminary injunction enjoining the merger of the GP and SNY inmate populations for the same reasons the Court DENIED plaintiff's request for a TRO enjoining this merger, as set forth in the Court's August 23, 2019 order.

### 2. Preliminary Injunction Enjoining Defendants from Housing Plaintiff on an NDPF

Plaintiff seeks a preliminary injunction enjoining defendants from housing him on a NDPF or otherwise exposing him to GP inmates. In a declaration dated July 11, 2019, made under penalty of perjury pursuant to 28 U.S.C. § 1746, Plaintiff stated that he feared for his life if he were to be placed on an NDPF yard because he is a convicted sex offender and a drop-out gang member; he has helped law enforcement obtain convictions for at least two GP inmates; and two separate GP gangs have offered a bounty for his death. ECF No. 3 at 3. At the September 18, 2019 hearing, plaintiff reiterated that he has mobility issues requiring him to use a cane for walking which makes it difficult for him to fend off attacks.

Defendants oppose the motion for a preliminary injunction. They argue that the motion is moot because plaintiff is not currently housed with GP inmates and because there are no plans to transfer plaintiff away from his current housing placement in CTF's SNY. ECF No. 15 at 2. They also argue that the motion fails on the merits because plaintiff has not demonstrated that housing him on an NDPF will expose him to harm. ECF No. 15 at 3-5. In support of this allegation, defendants argue that before an inmate is transferred, his case factors are reviewed by a classification committee who ensure that he is safely and suitably housed, and that his housing placement is again reviewed upon arriving at the receiving institution. *Id.* Defendants argue that NDPFs are intended to provide an environment focused on positive rehabilitative programming for inmates that wish to abstain from a destructive cycle of violence. *Id.* at 4. Finally, defendants argue that there is no danger of irreparable harm because there are no plans to transfer plaintiff, plaintiff is not scheduled for another classification review until summer 2020, and the CTF NDPF

houses only Level I inmates and plaintiff is a level II inmate.

### a) Likelihood of Success on the Merits

A party seeking a preliminary injunction is "not required to prove their claim, but only must show that they [are] likely to succeed on the merits." *Glossip v. Gross*, 135 S. Ct. 2726, 2792 (2015). Courts use different formulations to describe this factor, including "reasonable probability," "fair prospect," "substantial case on the merits," and "serious legal questions . . . raised." *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (internal quotation marks and citation omitted); *Halcyon Horizons, Inc. v. Delphi Behavioral Health Group, LLC*, No. 17-cv-00756-JST, 2017 WL 1956997, at *3 (N.D. Cal. May 11, 2017). "These formulations are largely interchangeable and indicate that, at a minimum, a petitioner must show that there is a substantial case for relief on the merits." *Halcyon Horizons, Inc.*, 2017 WL 1956997, at *3 (internal quotation marks and citation omitted); *Lair*, 697 F.3d at 1204. For the reasons discussed in the Court's order granting a temporary restraining order, there is a likelihood that plaintiff will succeed on the merits.

### b) Irreparable Harm

A party seeking a preliminary injunction must demonstrate that it "is *likely* to suffer irreparable harm in the absence of preliminary relief." *Jackson v. City of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014) (emphasis added). Plaintiff has alleged that because of his status as a sex offender, a gang dropout and an informant, GP inmates are likely to assault him or attempt to kill him.

Defendants do not dispute plaintiff's status as a sex offender, a gang dropout and an informant; nor do they dispute that two GP gangs have offered a bounty for his death. Defendants argue, however, that their voluntary cessation of the challenged practice (housing plaintiff with GP inmates by placing him on an NDPF) renders the issue moot and is evidence that plaintiff does not face irreparable harm. The Supreme Court has held that voluntary cessation of allegedly illegal conduct by a defendant does not moot a plaintiff's claim for injunctive relief. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). A request for prospective injunctive relief will be mooted by a defendant's voluntary cessation of the allegedly

6

illegal conduct only if the defendant meets the "formidable burden" of demonstrating that it is "absolutely clear that the alleged wrongful behavior could not reasonably be expected to recur." *Id.* at 190. Defendants have failed to meet this burden. Defendants have not asserted that plaintiff will never be housed with GP inmates. Rather, they state that the classification committee will always review plaintiff's housing to ensure that he is safely and suitably housed. Given that the creation of the NDPFs is based upon the CDCR's belief that GP and SNY inmates can be safely and suitably housed together and that the NDPFs continue to exist, it seems clear that a classification committee would consider placement in a NDPF to be safe housing for plaintiff. Defendants also state that currently there are no plans to house plaintiff with GP inmates in that there are no plans to change plaintiff's housing. Given that inmates can be transferred for a variety of reasons and that the CDCR policy is to move towards housing Level I and Level II GP and SNY inmates together on a NDPF, this statement does not make it "absolutely clear" that it could not be reasonably expected that CDCR would house plaintiff on a NDPF yard. Thus, plaintiff's claims are not moot.

      Nonetheless, even though the claims are not moot, neither is Plaintiff's prospective harm sufficiently immediate to warrant injunctive relief. Although the defendants' arguments that plaintiff will *never* suffer harm are unconvincing, plaintiff also has not established he currently faces the type of *immediate* threat of irreparable harm necessary to justify injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Plaintiff need not demonstrate that injury is certain to occur, but there must be "a strong threat of irreparable injury." *Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990) (internal quotation marks and citation omitted). Here, plaintiff is housed on an SNY yard; his next classification (housing placement) hearing is May 2020; it is not confirmed that his SNY yard will convert to an NDPF within sixty days; and plaintiff has not identified any specific threats within the GP Level I and Level II inmates housed at CTF. Furthermore, should his SNY yard convert to an NDPF, plaintiff will appear before a classification committee to reassess his housing placement. While plaintiff has been designated eligible for NDPF housing, this does not mean he will be placed in an NDPF. His 2019 classification found him NDPF-eligible, yet he was housed on the CTF SNY Level II yard. In

7

other words, he might be housed with general population inmates, but he might not. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v. Baldrige,* 844 F.2d 668, 674 (9th Cir. 1988), citing *Goldie's Bookstore, Inc. v. Superior Court,* 739 F.2d 466, 472 (9th Cir. 1984); *see also, e.g.*, *Ahn v. Griego*, No. 09-cv-1672-PHX-PGRE, 2011 WL 13190178, at *4 (D. Ariz. Jan. 18, 2011)*, aff'd*, 478 F. App'x 442 (9th Cir. 2012) (where inmate was housed in administrative segregation in a cell by himself, unspecific allegations about issues with gang affiliated inmates did not establish that prison policy of housing inmates without regard to gang affiliation constituted likelihood of imminent irreparable harm; request for injunctive relief regarding future housing placement denied); *Poslof v. Martel*, No. 3:18-CV-00761-MMA-AGS, 2018 WL 4489310, at *2 (S.D. Cal. Sept. 19, 2018) (denying request to enjoin prison policy merging SNY and GP enhanced outpatient and inpatient inmates; finding speculative prisoner's allegations that, *inter alia*, the policy would not afford him appropriate classification process to secure his safety and that he was at risk of being attacked if housed with GP inmates); *Rigsby v. State*, No. 11-cv-1696-PHX-DGC, 2013 WL 1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying prisoner's TRO based on fear of potential future injury based on past assaults).

Because plaintiff has not established the "immediate threatened injury" that is "a prerequisite to preliminary injunctive relief," *Caribbean Marine Servs.*, 844 F.2d at 674, the Court need not examine the remaining factors. The Court will deny plaintiff's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for a preliminary injunction. The temporary restraining order is dissolved. This order terminates ECF No. 2.

**IT IS SO ORDERED.**

Dated: October 1, 2019

_____
JON S. TIGAR
United States District Judge