Stephen J. Akerley (SBN 160757)
sjakerley@mintz.com
Adrian Kwan (SBN 300032)
akwan@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
  AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA  94104
Tel:  (415) 432-6000
Fax: (415) 432-6001
*Attorneys for Plaintiff Chad Robert Kester*

Xavier Becerra
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General
PREETI K. BAJWA
Deputy Attorney General
State Bar No. 232484
   1515 Clay St., 20th Floor
   Oakland, CA 94612
   Telephone:  (510) 879-0980
   Fax:  (510) 622-2270
   E-mail:  Preeti.Bajwa@doj.ca.gov
*Attorneys for Defendants Diaz, Allison, and Foss*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD KESTER,<br><br>              Plaintiff,<br><br>    vs.<br><br>RALPH DIAZ, et al.;<br><br>              Defendants. | **Case No. 19-cv-4205-JST**<br><br>**STIPULATION AND [PROPOSED] ORDER**<br><br>Assigned Judge:  The Honorable Jon S. Tigar |

Pursuant to Local Rule 7-12, the Plaintiff Chad Robert Kester ("Plaintiff") and Defendants Ralph Diaz, Kathleen Allison, and Tammatha Foss (collectively, "Defendants"), by and through their respective counsel, hereby stipulate to the following:

WHEREAS, on July 22, 2019, Plaintiff filed an application for a temporary restraining order based on his anticipated transfer out of Salinas Valley State Prison Sensitive Needs Yard ("SNY") to California Institution for Men ("CIM") Level II Non-Designated Programming Facility ("NDPF), alleging that it was unduly dangerous for him to be so moved to a NDPF or to be housed with general population ("GP") inmates;

WHEREAS, on August 7, 2019, Plaintiff was transferred to a SNY at Correctional Training Facility ("CTF");

WHEREAS, on August 23, 2019, the Court granted-in-part Plaintiff's application for a temporary restraining order (the "TRO") enjoining Defendants from placing Plaintiff on a NDPF yard or otherwise housing him with GP inmates;

WHEREAS, on October 1, 2019, the Court dissolved the TRO, in part, because "plaintiff is housed on an SNY yard; his next classification (housing placement) hearing is May 2020; [and] it is not confirmed that his SNY yard will convert to an NDPF within sixty days";

WHEREAS, on November 21, 2019, Plaintiff filed a motion for reconsideration in good faith under the belief that the SNY where Plaintiff is currently housed would be converted to a NDPF by February 2020;

NOW, THEREFORE, IT IS STIPULATED by and between the parties through their respectively undersigned attorneys as follows:

1. Defendants will provide Plaintiff's counsel of record with thirty (30) days' notice of any anticipated transfer of Plaintiff to any non-SNY, in order to enable him to take any protective measures to oppose such a transfer. Any such notice shall be made in writing and the parties agree that electronic mail correspondence will satisfy this requirement.

2. Defendants will provide Plaintiff's counsel of record with thirty (30) days' notice before the conversion of the SNY where Plaintiff is currently housed to a NDPF in order to enable him to take any protective measures to oppose such conversion or to seek judicial relief from being

1 housed with GP inmates.  Any such notice shall be made in writing and the parties agree that
2 electronic mail correspondence will satisfy this requirement.

3      3. Nothing in this stipulation should be construed as to restrict Defendants' ability to
4 transport Plaintiff without the aforesaid notice to places under emergency circumstances, such as to
5 a court, hospital, or other facility for medical or psychiatric treatment, or if an emergency transfer
6 to a higher security level is necessary.  Notice in that case will be provided when reasonably
7 possible.

8      4. With these representations and understandings between the Parties through their
9 respective undersigned attorneys, Plaintiff will file and serve a Notice of Withdrawal of Plaintiff's
10 Motion for Reconsideration (ECF No. 25) within seven (7) days of the signing of this Stipulation
11 and Proposed Order.

12 **IT IS SO STIPULATED**.

13 Dated:  February 3, 2020        MINTZ LEVIN COHN FERRIS
14                                              GLOVSKY AND POPEO PC

15                                             By:  */s/ Adrian Kwan*
16                                                     Stephen J. Akerley
17                                                     Adrian Kwan

                                           *Attorneys for Plaintiff*

18
19 Dated:  February 3, 2020        CALIFORNIA ATTORNEY GENERALS OFFICE

20                                            By:  */s/ Preeti Kaur Bajwa*
21                                              Preeti Kaur Bajwa
22                                              Damon Grant McClain

23                                            *Attorneys for Defendants*

24
25
26
27
28

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, Adrian Kwan, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty under the laws of the United States of America that the foregoing is true and correct. Executed this 3rd day of February 2020, at San Francisco, California.

                                               */s/ Adrian Kwan*
                                                 Adrian Kwan

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED THAT**,

1. Defendants will provide Plaintiff's counsel of record with thirty (30) days' notice of any anticipated transfer of Plaintiff to any non-SNY, in order to enable him to take any protective measures to oppose such a transfer. Any such notice shall be made in writing and the parties agree that electronic mail correspondence will satisfy this requirement.

2. Defendants will provide Plaintiff's counsel of record with thirty (30) days' notice before the conversion of the SNY where Plaintiff is currently housed to a NDPF in order to enable him to take any protective measures to oppose such conversion or to seek judicial relief from being housed with GP inmates. Any such notice shall be made in writing and the parties agree that electronic mail correspondence will satisfy this requirement.

3. Nothing in this stipulation should be construed as to restrict Defendants' ability to transport Plaintiff without the aforesaid notice to places under emergency circumstances, such as to a court, a hospital, or other facility for medical or psychiatric treatment, or if an emergency transfer to a higher security level is necessary. Notice in that case will be provided when reasonably possible.

4. Plaintiff will file and serve a Notice of Withdrawal of Plaintiff's Motion for Reconsideration (ECF No. 25) within seven (7) days of the signing of this Stipulation and Proposed Order.

Date: February __, 2020

_____
HONORABLE JON S. TIGAR
United States District Judge