1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Adrian Kwan (SBN 300032)
akwan@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
 AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA  94104
Tel:  (415) 432-6000
Fax: (415) 432-6001
*Attorney for Plaintiff Chad Robert Kester*

XAVIER BECERRA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General
PREETI K. BAJWA
Deputy Attorney General
State Bar No. 232484
 1515 Clay St., 20th Floor
 Oakland, CA 94612
 Telephone:  (510) 879-0980
 Fax:  (510) 622-2270
 E-mail:  Preeti.Bajwa@doj.ca.gov
*Attorneys Defendants Diaz, Viera Rosa, Koenig, and Gipson*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHAD KESTER,<br><br>                    Plaintiff,<br><br>     vs.<br><br>RALPH DIAZ, et al.;<br><br>                    Defendants. | **Case No. 4:19-cv-4205-JST**<br><br>**JOINT CASE MANAGEMENT CONFERENCE REPORT PURSUANT TO FED. R. CIV. P. 26(f) AND CIVIL L.R. 16-9**<br><br>Hearing Date:  June 30, 2020<br>Time:  2:00 p.m.<br>Place:  Courtroom 6, 2nd Floor<br>Assigned Judge:  The Honorable Jon S. Tigar |

1    In accordance with Fed. R. Civ. P. 26(f), Civil L.R. 16-9 and the Standing Order for All

2  Judges of the Northern District of California on the Contents of Joint Case Management Statements,

3  Plaintiff Chad Robert Kester ("Plaintiff") and Defendants Diaz, Viera Rosa, Koenig, and Gipson

4  ("Defendants"), (collectively, the "Parties"), by and through their respective counsel, have met and

5  conferred and hereby submit the following Joint Case Management Statement (the "Joint

6  Statement").

7  **1.      JURISDICTION AND SERVICE**

8    Plaintiff brings this action seeking declaratory judgment and injunctive relief pursuant to

9  42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Accordingly,

10  this Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).  Venue

11  is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial

12  part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

13    All Defendants have been served and have appeared in this action.

14  **2.      FACTS**

15    **A.      Plaintiff's Position.**

16    Plaintiff Chad Robert Kester is an inmate at Correctional Training Facility (CTF) located

17  in Soledad, California.  Mr. Kester is a Level II inmate and currently resides in a Sensitive Needs

18  Yard (SNY) due to his status as, *inter alia*, a sex offender, gang drop-out and informant.  Mr. Kester

19  is also being treated for mental illness and suffers from a physical disability as a result of injuries

20  he sustained during an assault while he was incarcerated at Salinas Valley State Prison (SVSP).

21    Since 2017, the California Department of Corrections and Rehabilitation (CDCR) has been

22  involuntarily merging inmate populations from General Population (GP) with those from SNY at

23  Non-Designated Programming Facilities (NDPFs).  To date, all but two Level II SNYs have been

24  converted to NDPFs with the exception of Correctional Training Facility—where Mr. Kester is

25  currently housed—and California Substance Abuse Treatment Facility and State Prison, Corcoran.

26  Mr. Kester has been endorsed for transfer to an NDPF.  Even if Mr. Kester is not transferred, the

27  facility where Mr. Kester is currently housed may still be converted into an NDPF sometime in

28

1   2020.  CDCR efforts at integrating SNY and GP inmates have resulted in documented violent

2   incidents between SNY and GP inmates.

3   Plaintiff believes the primary factual issues in dispute are whether Mr. Kester's placement

4   in an NDPF will pose a substantial risk of serious harm to his health or safety, and whether

5   Defendants have knowledge of or are otherwise aware of risks to the health and safety of inmates

6   resulting from the integration of SNY and GP inmate populations.

7   **B.   Defendants' Position.**

8   Over time, Sensitive Needs Yards (SNYs), like the facility where Plaintiff is currently

9   housed, have become more and more violent, and afforded inmates fewer programming

10  opportunities.  In response to these and other negative developments within the SNYs, the CDCR,

11  after extensive consideration of input from numerous stakeholders, developed the Non-Designated

12  Programming Facility (NDPF) model as an alternative that would incentivize inmates to program

13  in a positive manner and to eschew prison politics, gang activity, and the violence often associated

14  with gangs and prison politics.  CDCR's NDPF policy is in line with CDCR's other behavior-based

15  rehabilitative efforts designed and implemented in recent years to prepare individuals for greater

16  personal success and integration in society upon their release from prison.

17  The NDPF program is designed to create a safer environment where inmates can engage in

18  more programming with other inmates who are equally interested in positive programming and

19  rehabilitation.  The program is also designed to keep out inmates who choose to engage in

20  destructive cycles of violence motivated by gangs and prison politics.  To date, CDCR has

21  converted all but two of the Level II SNYs—like the facility where Plaintiff is currently housed—

22  to NDPFs.

23  The facts and evidence in this case will demonstrate that Plaintiff was only housed on an

24  SNY because he requested SNY placement when he was committed to CDCR's custody.  And the

25  only stated basis for Plaintiff's request was his conviction offense.  A review of Plaintiff's case

26  factors indicates that he should be able to safely program in an NDPF.  In fact, numerous inmates

27  with similar case factors to Plaintiff's are already successfully programming in NDPFs.  And if a

28

specific threat to Plaintiff's safety in a particular NDPF were ever identified, CDCR officials would promptly remove Plaintiff from that situation.

## 3.   LEGAL ISSUES

### A.   Plaintiff's Statement.

Plaintiff seeks injunctive relief precluding Defendants from placing him in a NDPF.  As such, this action presents the following legal issues for the Court's determination, *inter alia*:

- The legal standard applicable to Plaintiff's claims for failure to protect under the Eighth Amendment.
- The legal standard applicable to Plaintiff's declaratory judgment claim.
- Whether Plaintiff is entitled, as a matter of applicable law, to the various forms of relief requested in his Complaint.

### B.   Defendants' Statement.

Defendants deny that Plaintiff is entitled to injunctive relief for the following reasons:

1. Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners, but a constitutional violation occurs only where the deprivation alleged is, objectively, "sufficiently serious," and the official has acted with "deliberate indifference" to inmate health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 825–26 (1994).

2. The implementation of the NDPFs, which was done only after careful consideration and collaboration with internal and external stakeholders, does not constitute deliberate indifference.

3. In light of Plaintiff's case factors, it does not constitute deliberate indifference to his safety by officials placing him in a NDPF.

## 4.   MOTIONS

### A.   Pending Motions.

Plaintiff's counsel filed an Unopposed Motion to Withdraw as Counsel on June 17, 2020. That motion is currently pending.

**B.**     **Anticipated Motions.**

- Plaintiff:  To the extent necessary, Plaintiff intends on filing an application for a temporary restraining order should Defendants attempt to transfer Mr. Kester to a NDPF during the pendency of this action.

- Defendants:  Defendants intend to file a motion for summary judgment.

The Parties filed a stipulation agreeing to provide Plaintiff with approximately 30-days' notice prior to Correctional Training Facility's upcoming conversion into a NDPF.

**5.     AMENDMENT OF PLEADINGS**

None anticipated at this time.

**6.     EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (the "ESI Guidelines"), and each confirm that they have designated an attorney member of their respective legal teams (the "ESI Designees"), to meet and confer regarding reasonable and proportionate steps to be taken to preserve evidence relevant to the issues reasonably evident in this action, as outlined by the Guidelines for the Discovery of Electronically Stored Information.

**7.     DISCLOSURES**

The Parties exchanged Initial Disclosures on February 26, 2020.

**8.     DISCOVERY**

**A.     Discovery Propounded to Date.**

On February 3, 2020, Plaintiff served requests for document production, and Defendants responded, per stipulation, with objections and responses, a declaration in support of official information privilege, and a privilege log on March 23, 2020.  Defendants have produced some documents and are working to locate additional responsive electronically preserved documents. Due to the COVID-19 pandemic, CDCR's resources have been diverted to managing the prison population to avoid the spread of the disease at the institutions.  Accordingly, all electronic search inquiries have been rescheduled so that CDCR and the Governor's Office can swiftly obtain necessary information to effectively manage the health of all inmates.  At this time, Defendants do

1   not have an anticipated timeframe as to when CDCR will have the staffing and resources to resume

2   work on this and other projects.  The Parties previously agreed to and the Court entered a stay of

3   discovery through June 21, 2020.  The Parties request a further 28 day stay to this action while Mr.

4   Kester seeks new pro bono counsel and in light of the continuing allocation of CDCR resources to

5   address the COVID-19 Public Health Crisis.

6       **B.**      **Scope of Anticipated Discovery.**

7           1.      Plaintiff's Discovery

8           Plaintiff will seek documentary, testimonial, and expert discovery from Defendants and

9   certain third parties regarding, among other things:  (1) the structure and organization of the CDCR

10  and/or CTF multidisciplinary team overseeing the transition of GP and SNY to NDPF; (2) the

11  practices and procedures utilized by Defendants in evaluating and implementing placement of SNY

12  or GP inmates in NDPFs, including which and how individual case factors are evaluated before

13  determining a GP or SNY inmate is suitable for placement at a NDPF; (3) statistical data from prior

14  conversions of Level I – Level IV facilities converted to NDPF sufficient to show the number of

15  violent incidents occurring between SNY and GP inmates; (4) incidents involving harm or violence

16  between GP and SNY inmates, including the August 14, 2019 riot on Facility C recreation yard at

17  CTF; (5) the policies and procedures which CDCR currently utilize in integrating SNY and GP

18  inmates into NDPFs; (6) the investigation of prior violent incidents resulting in harm or injury to

19  inmates as a result of integrating GP and SNY inmates including the effort to integrate the Fresno

20  Bulldogs with other prison populations at CTF; (7) the policies and procedures which CDCR

21  previously utilized in integrating SNY and GP inmates into NDPFs, and the reasons those policies

22  or procedures were discontinued; (8) the incidents of GP or SNY inmates engaging in violent or

23  threatening behavior toward other inmates in NDPFs and the related disciplinary sanctions; (9) the

24  policy rationale behind CDCR's policy to disallow inmates to voluntarily transfer to more

25  restrictive, higher security level non-NDPFs; (10) Defendants' public statements and interviews

26  regarding NDPFs; and (11) the inmate population Defendants intend on integrating Mr. Kester into,

27  including that populations' case factors, including sexual offender status and gang affiliations.

28

2.      Defendants' Discovery

Defendants will seek documentary, testimonial, and expert discovery from Plaintiff and certain third parties regarding Plaintiff's assertions that he cannot program in a NDPF.

**C.      Protective Order.**

The Parties have entered into a Stipulated Protective Order (ECF No. 55).

**D.      Proposed Limitations or Modifications to the Discovery Rules.**

The Parties do not propose any modifications or limits to written discovery or depositions at this time.  The Parties agree that the limits on written discovery or depositions may be modified by agreement of the Parties or by a showing of good cause to the Court.

**E.      Document Subpoenas to Non-Parties.**

Plaintiff proposes the following with respect to non-parties producing materials in response to subpoenas for production of documents under Fed. R. Civ. P. 45.  The issuing Party shall request that non-parties simultaneously produce materials to all Parties.  If, notwithstanding such request, the non-party does not produce the materials to all Parties, the issuing Party shall provide a copy of all materials to the other side within five (5) business days of its receipt of the materials produced by the non-party.  If the Party serving a subpoena on a non-party under Fed. R. Civ. P. 45 agrees to modify or extend the time for the non-party to respond to such a subpoena, it shall provide a written explanation for the basis for such extension to the other Parties.

**F.      Service.**

The Parties consent to service by electronic mail, and agree to serve any documents not filed via ECF, including pleadings, discovery requests, subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, by email to all attorneys for the receiving Party then appearing on the ECF docket, at the email addresses listed thereon.  All pleadings, discovery requests and responses, subpoenas for testimony or documents and responses, and expert disclosure shall be served by email to all attorneys for all Parties then appearing on the ECF docket.  In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery, the serving Party will email the other side's principal designee when the materials are sent

1   to provide notice that the materials are being served.  For purposes of calculating discovery

2   response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the

3   same as hand delivery.

4        **G.**     **Report on Planned Stipulated E-Discovery Order.**

5        The Parties' respective ESI Designees will meet to discuss a Stipulated Electronically-

6   Stored Information (ESI) Order, which the Parties will then propose to the Court.

7        **H.**     **Proposed Discovery Plan.**

8        The Parties' proposal regarding the timing of discovery is set forth in Exhibit A.

9        **I.**     **Current Discovery Disputes.**

10       There are no currently pending discovery disputes between the Parties.  However, the

11  Parties do anticipate additional time will be required for discovery due to technical limitations and,

12  in part, a migration to a new system by CDCR.  Defendants are diligently engaged in preparing,

13  sorting and curating data responsive to Plaintiff's requests for production, and Defendants

14  anticipate serving discovery on Plaintiff.  The parties anticipate this process to be completed by

15  early August, and the Parties will then have to review the responsive documents and prepare for

16  further discovery, including deposition.  Accordingly, the parties request that discovery be stayed

17  an additional 28 days until July 21, 2020, and that the discovery schedule be extended by 120 days

18  from August 21, 2020 until December 21, 2020.

19  **9.    CLASS ACTIONS**

20       This is not a class action.

21  **10.   RELATED CASES**

22       Judge Lucy H. Koh issued an order determining the instant action was not related to *In Re*

23  *CTF GP Prisoner Litigation,* 5:19-cv-1974-LHK (Northern District).[1]  *See* ECF No. 52.

24       The Parties are also aware of the following cases:

25  _____

[1] This action consolidated cases *Cruz v. Diaz*, Case No. 19-CV-1974-LHK (PR), *Madrigal v.*

26  *Diaz*, Case No. 19-CV-2130-LHK, and *Villagrana v. Diaz*, Case No. 19-CV-2272-LHK.

27

28

- *Montalvo v. Diaz,* 3:19-cv-00363-CAB-JLB (Southern District)
- *Mohemmed v. Diaz, et. al.,* 19CV00393 (Monterey County Superior Court)
- *Johnston, Jeremiah v. Diaz, et. al.,* 19-cv-000616-ALJ-ALM (Southern District)
- *Mireles v. Koenig, et. al.*, 4:20-cv-01248-HSG (Northern District)
- *Andrade v. Diaz, et. al.,* 5:20-cv-00137-FMO JC (Central District)
- *Samaniego v. CDCR, et. al.*, 2:19-cv-02606-TLN-KJN (Eastern District)

## 11.   RELIEF

### A.   Plaintiff's Requested Relief.

Plaintiff seeks equitable relief in the form of entry of judgment against Defendants declaring, ordering and adjudging at least the following:

- That Defendants violated the Eighth Amendment of the United States Constitution by showing deliberate indifference to a substantial risk of serious harm to Mr. Kester by attempting to house him at a NDPF;
- That Defendants shall be enjoined from further violation of the Eighth Amendment of the United States Constitution;
- That Defendants shall be enjoined from housing Mr. Kester at a NDPF for the rest of Mr. Kester's time spent incarcerated;
- That Defendants shall transfer Mr. Kester to the lowest level SNY facility for the remaining duration of Mr. Kester's incarceration; and
- That Defendants shall restore Mr. Kester's single cell status.

Finally, Plaintiff requests that the Court award it expenses, costs, and attorneys' fees under applicable laws including 42 U.S.C. § 1988.

### B.   Defendants' Requested Relief.

Defendants seek relief in the form of entry of judgment against Plaintiff declaring, ordering and adjudging at least the following:

- That Plaintiff take nothing by this action;
- That the Court enters judgment for Defendants;

- That Defendants are awarded costs of suit and attorney's fees; and

- That Defendants are awarded such other relief as this Court deems proper.

**12.    SETTLEMENT AND ADR**

The Parties continue to explore settlement options at this time.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties do not consent to proceed before a Magistrate Judge.

**14.    OTHER REFERENCES**

The Parties do not believe this case is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

The Parties do not currently seek any bifurcation of issues.

Should it become apparent that issues before the Court in this action may be narrowed by stipulation or motion, the Parties will consider how best to do so at that time, including with respect to suggestions that may expedite the presentation of evidence at trial.

**16.    EXPEDITED TRIAL PROCEDURE**

The Parties believe this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

**17.    SCHEDULING**

The Parties request a further 28 day stay of discovery and a 120 day extension to the discovery schedule.  The current case schedule is reproduced in the table below.  *See* ECF No. 58. The Parties' proposed updated deadlines are also provided below.

| Event | Deadline | Proposed Deadline |
|---|---|---|
| Complaint Filed | July 22, 2019 | |
| Initial CMC | January 28, 2020 | |

| Amended Complaint | February 3, 2020 | |
|---|---|---|
| Deadline to Add parties or Amend the Pleadings | February 14, 2020 | |
| Initial Disclosures | February 26, 2020 | |
| CMC | June 30, 2020 | June 30, 2020 |
| Close of Fact Discovery | August 21, 2020 | December 21, 2020 |
| Opening Expert Reports | September 3, 2020 | January 20, 2021 |
| Rebuttal Expert Reports | October 16, 2020 | February 19, 2021 |
| Close of Expert Discovery | November 13, 2020 | March 22, 2021 |
| Last Day to File *Daubert* Motions | December 18, 2020 | April 30, 2021 |
| Oppositions to *Daubert* Motions Due | January 18, 2020 | June 1, 2021 |
| Replies to *Daubert* Motions Due | February 2, 2020 | June 16, 2021 |
| Plaintiff's Opening Summary Judgment Motion | March 8, 2021 | July 16, 2021 |
| Defendants' Opening/Opposition Summary Judgment Motion | April 7, 2021 | August 16, 2021 |
| Plaintiff's Opposition/Reply Summary Judgment Brief Due | April 23, 2021 | September 6, 2021 |
| Defendants' Reply Summary Judgment Brief Due | May 10, 2021 | September 15, 2021 |
| Hearing on Summary Judgment and *Daubert* Motions | June 16, 2021 | October 15, 2021 |
| Pretrial Disclosures | August 20, 2021 | TBD |
| Pretrial Conference | August 27, 2021 at 1:30 p.m. | TBD |
| Trial | September 20, 2021 at 8:00 a.m. | TBD |
| Estimate of trial length (in days) | Five | Five |

**18.    TRIAL**

Because Plaintiff is only seeking injunctive relief, Plaintiff is not entitled to a jury trial. Accordingly, the Parties stipulated to a bench trial currently scheduled for September 20, 2021. ECF No. 58.  At this point, the Parties estimate that 3 to 5 days are necessary for trial. However, in light of the continuing COVID-19 public health crisis detailed above, the Parties will need to modify the current case schedule and propose a new trial date.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-15, the Parties each filed their respective Certificate of Interested Entities or Persons (ECF Nos. 32 & 33) that stated the Parties have no disclosures to make pursuant to L.R. 3-15(a)(1).

**20.    PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER**

The Parties have not identified any other issues to address with the Court at this time.

Dated:  June 23, 2020                      Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO PC


By:    */s/ Adrian Kwan*
        Adrian Kwan
        *Attorney for Plaintiff*
        *Chad Robert Kester*

Dated:  June 23, 2020                      CALIFORNIA ATTORNEY GENERALS OFFICE


By:    */s/ Preeti Kaur Bajwa*
        Preeti Kaur Bajwa
        Damon Grant McClain
        *Attorneys for Defendants Diaz, Viera Rosa,*
        *Koenig, and Gipson*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, Adrian Kwan, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty under the laws of the United States of America that the foregoing is true and correct. Executed this 23rd day of June 2020, at San Francisco, California.

/s/ Adrian Kwan_____
Adrian Kwan